# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 11-00236-CJC(SHx)                        Date: April 25, 2011

Title: <u>TD BANCORP AS TRUSTEE FOR MAPLE TRUST V. GAMALIEL ECHEVERRIA</u>

PRESENT:

### HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                      None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

       Plaintiff TD Bancorp as trustee for Maple Trust # 925 ("TD Bancorp") filed this unlawful detainer action in Superior Court for the County of Orange against Defendant Gamaliel Echeverria on November 1, 2010. On February 9, 2011, Mr. Echeverria removed the action to federal court asserting federal question jurisdiction, diversity jurisdiction, and the civil rights removal statute.

       A federal court has subject matter jurisdiction over a claim that either "arises under" federal law or a claim between diverse parties and involves an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. A district court must remand a case to state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c). This case appears to be a straightforward action for unlawful detainer, a state-law claim, brought against a California resident.

       Mr. Echeverria nevertheless asserts that the Court has federal question jurisdiction on the basis of various federal civil rights statutes, such as 42 U.S.C. §§ 1981, 1982, and appears to challenge the constitutionality of the civil rights removal statute itself. (*See* Notice of Removal at ¶¶ 18–36.) But a cause of action arises under federal law only when a question "arising under" federal law appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). A defendant may not remove a case by asserting a defense based in federal law, and "original

jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). Mr. Echeverria's arguments for federal question jurisdiction are raised for the first time in his Notice of Removal. Nothing in TD Bancorp's complaint raises a question arising under federal law, so Mr. Echeverria cannot establish federal question jurisdiction.

Mr. Echeverria also attempts to invoke diversity jurisdiction in his Notice of Removal. (*See* Notice of Removal ¶¶ 16-17.) However, TD Bancorp's verified complaint affirmatively states that it seeks less than $10,000 in damages. (Notice of Removal Ex. 1 ¶ 1(c).) Mr. Echeverria also appears to be a resident of California, because he has been living in Anaheim, California. (Notice of Removal ¶ 17.) Section 1441(b) prohibits removal of an action based on diversity jurisdiction where the defendant seeking removal is a resident of the state where the action is brought. 28 U.S.C. § 1441(b). The "forum defendant" rule reflects the understanding that federal diversity jurisdiction is not necessary to protect the interests of in-state defendants. *Spencer v. U.S. Dist. Court*, 393 F.3d 867, 870 (9th Cir. 2004). Mr. Echeverria is barred from removing this action on the basis of diversity jurisdiction.

Finally, Mr. Echeverria asserts that the California state court deprived him of his equal protection rights, and therefore he is entitled to remove to federal court pursuant to 28 U.S.C. § 1443(1). Section 1443 provides that a civil action "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States" may be removed to federal court. 28 U.S.C. § 1443(1). However, Mr. Echeverria has not alleged any facts that show that the California state court deprived him of his constitutional rights. (*See* Notice of Removal ¶¶ 30, 32–36, 44–45.)

The Court therefore ORDERS Mr. Echeverria to show cause as to why this case should not be remanded for lack of subject matter jurisdiction. Mr. Echeverria shall file a response to the Court's order to show cause by May 27, 2011. TD Bancorp shall then have until June 10, 2011, to file its reply. The matter will stand submitted upon the filing of TD Bancorp's reply.